UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAM DANG, by and through his Power of
Attorney, VINA DANG,

    Plaintiff,

v.                                      Case No. 6:14-cv-37-Orl-31TBS

DONALD P. ESLINGER, in his official
capacity as the Sheriff of Seminole County;
OLUGBENGA OGUNSANWO, M.D.;
SANDRA WILT, L.P.N.; BRENDA
PRESTON-MAYLE, R.N.; ALECIA SCOTT,
L.P.N.; SHARYLE ROBERTS, L.P.N.; and
MARTHA DENSMORE, R.N.,

    Defendants.
_____/

## ORDER

Pending before the Court are Defendants Donald F. Eslinger, in his official capacity as Sheriff of Seminole County, Florida, Sandra Wilt, LPN, and Brenda Preston-Mayle, RN's Motion to Compel Deposition of Plaintiff Dang (Doc. 60); and Plaintiff Nam Dang, by and through his Power of Attorney, Vina Dang's Motion for Protective Order and Response in Opposition to Defendants' Motion to Compel Deposition of Nam Dang and Request for Oral Argument (Doc. 63).

Plaintiff was arrested by Seminole County Sheriff's deputies and transported to the John E. Polk Correctional Facility in Sanford, Florida. (Doc. 1, ¶¶ 8, 10). When he was taken into custody, his mother told the arresting officers he was sick. (Id., ¶ 9). By the fourth day of his incarceration, Plaintiff was exhibiting symptoms of meningitis. (Id., ¶ 9). Plaintiff was seen multiple times by jail medical staff who allegedly failed to

test for, or diagnose his condition, and asserted that he was faking his symptoms. (Id., ¶¶ 14-30). After a delay of at least 25 days, Plaintiff was transported to the emergency room at Central Florida Regional Hospital where he was diagnosed with cryptococcal meningitis. (Id., ¶ 37). Due to the delay in his treatment, Plaintiff claims that he suffered chronic, permanent, and irreversible damage to his cognitive and communicative functions, dementia, expressive aphasia, loss of vision, loss of hearing, and seizure disorder. (Id., ¶ 38). The state court dismissed the charge for which Plaintiff was arrested after determining that he was incompetent to stand trial on account of his impairments. (Doc. 63 at 4). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging the violation of his civil rights by the Sheriff of Seminole County, Florida, and the doctor and nurses responsible for his medical care in the jail. (Doc. 1). Movants seek to compel Plaintiff's deposition. (Doc. 60). Plaintiff opposes the motion, not because it might cause him physical or psychological harm, but because he the injuries he sustained while in custody have rendered him incompetent to provide reliable testimony. (Id.). Plaintiff seeks a protective order on the grounds that he is not competent to testify due to his severe cognitive and communication deficits. (Doc. 63 at 2-3).

Defendants' motion to compel is premature. Rule 37(d)(1)(A)(i) authorizes the Court to compel a party's deposition when "a party ... fails, after being served with proper notice, to appear for [his] deposition." Defendants admit that they have not served a Rule 30(b) notice of deposition on Plaintiff. (Doc. 60 at 2). Other courts have denied motions to compel depositions absent a proper notice of deposition. See, e.g.,

Pegoraro v. Marrero, 281 F.R.D. 122, 128 (S.D.N.Y. 2012) ("[T]he Court has no authority to compel witnesses, including the parties, to attend any depositions which were neither noticed nor for which subpoenas were issued."); Nuskey v. Lambright, 251 F.R.D. 3, 12 (D.D.C. 2008) (denying motion to compel deposition where movant had not served Rule 30(b)(1) notice); Wolk v. Seminole County, No. 6:05-cv-1722-Orl-18KRS, 2007 WL 328685, at *1 n. 1 (M.D. Fla. Jan. 31, 2007) ("Because no deposition had been noticed as of the date of filing of the motion, a motion to compel such a deposition is not ripe for consideration."); see also Sithon Maritime Co. v. Mansion, No CIV. A. 96-2262-EEO, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998) ("The Federal Rules of Civil Procedure provide necessary boundaries and requirement for formal discovery. Parties must comply with such requirements in order to resort to the provisions of [Rule] 37."). Accordingly, Defendants' motion will be denied.

Plaintiff's motion for a protective order is ripe for the Court's consideration. Unlike Rule 37, which allows a court to grant a motion to compel only after a party has failed to appear for a properly noticed deposition, Rule 26(c)(1) allows a party or nonparty from whom discovery is sought to move for a protective order so long as that person has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." The movant should include a certification to this effect in the motion, which Plaintiff failed to do. But, Defendants' motion to compel contains such a certification, and the Court is satisfied that the parties have tried in good faith but failed to resolve this dispute. Although Plaintiff has not yet been served with a notice of deposition, the controversy is "sufficiently mature,

and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." Cheffer v. Reno, 55 F.3d 1517, 1524 (11th Cir. 1995). Accordingly, the Court will consider the merits of this discovery dispute.

Ordinarily, parties in a civil case may depose each other without leave of court. FED. R. CIV. P. 30(a)(1). But, a party or nonparty from whom discovery is requested may obtain a protective order forbidding the requested discovery "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). In determining whether to grant a protective order, courts must balance "the movant's proffer of harm against the adversary's 'significant interest' in preparing for trial." Jennings v. Family Management, 201 F.R.D. 272, 275 (D.D.C. 2001) (citing Lohrenz v. Donnelly, 187 F.R.D. 1, 3 (D.D.C. 1999)).

"Protective orders prohibiting depositions are rarely granted." Bucher v. Richardson Hospital Authority, 160 F.R.D. 88, 92 (N.D. Tex. 1994). A party must show extraordinary circumstances before a court will issue such an order. Jennings, 201 F.R.D. at 275. See also Naftchi v. New York University Medical Center, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) ("[I]t is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition.").

Plaintiff's primary ground for requesting a protective order is that he "is not competent to testify in a deposition" due to cognitive and communication deficits. (Doc. 63 at 3). The mere fact that a party may not be mentally competent to testify is not a sufficient reason to prohibit the other party from taking his deposition. Sauer v.

Exelon Generation Co., 280 F.R.D. 404, 408 (N.D. Ill. 2012); Fjellman v. Forest Hill Co-op, Civ. No. 06-CV-14470-DT, 2007 WL 1806173, at *3 (E.D. Mich. Jun. 21, 2007); Bucher, 160 F.R.D. at 93.

It is not clear at this early stage that Plaintiff is incapable of providing admissible testimony. The Federal Rules of Evidence establish a strong presumption that all persons are competent to testify. FED. R. EVID. 601 ("Every person is competent to be a witness unless these rules provide otherwise."); Sauer, 280 F.R.D. at 407. Long before the adoption of the Federal Rules of Evidence, the Supreme Court instructed that a court's power to declare a witness mentally incompetent to testify must "be exercised with the greatest caution." District of Columbia v. Arms, 107 U.S. 519, 521 (1883). A witness will not be found mentally incompetent to testify so long as he is capable of "apprehend[ing] the obligation of [his] oath [to testify truthfully] and ... giving a correct account of the matters which he has seen or heard." Carter v. United States, 332 F.2d 728, 729 (8th Cir. 1964). While Plaintiff has produced an affidavit from an examining physician stating that he does not meet this standard (Doc. 63-1 at 2-3), Defendants quote from medical records produced in discovery that support a contrary conclusion (Doc. 60 at 7; Doc. 66 at 3).

This is not the appropriate time to resolve the doubts concerning Plaintiff's competency to testify. See Sauer, 280 F.R.D. at 408 ("Plaintiffs' request [to bar the deposition of an allegedly incompetent witness] is premature."). "After the deposition proceeds, 'the parties may then make whatever arguments they deem appropriate

regarding the competency of [Plaintiff's] testimony in this matter.'" Id. (quoting Deno v. Blackman, No. 10 C 8550, 2011 WL 5980174, at *1 (S.D.N.Y. Nov. 30, 2011)).

Even if Plaintiff's deposition will not produce admissible testimony, that still would not warrant barring Defendants from taking his deposition. The Federal Rules of Civil Procedure allow discovery of information that would itself be inadmissible so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Assuming Plaintiff is not competent to testify, his deposition may still lead to the discovery of admissible evidence. See Fjellman, 2007 WL 1806173, at *3.

Plaintiff also argues that subjecting him to a deposition would "cause undue annoyance, embarrassment, oppression and an undue burden." (Doc. 63 at 5). Conclusory predictions of "annoyance" and "embarrassment" cannot justify a protective order barring one party from taking the other's deposition. See Jennings, 201 F.R.D. at 275 ("[T]he movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements."); Bucher, 160 F.R.D. at 92 ("Conclusory assertions of injury are insufficient."). While courts have readily granted protective orders when the evidence shows that a deposition poses a serious risk of harm to the deponent, see, e.g., Frideres v. Schlitz, 150 F.R.D. 153, 156-57 (S.D. Iowa 1993); In re McCorhill Publishing, Inc., 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988), Plaintiff acknowledges that "[t]his is not a situation where ... going forward with his deposition could potentially cause him physical or psychological harm." (Doc. 63 at 5).

The balance of interests in this case weighs heavily in favor of allowing Defendants to take Plaintiff's deposition.  If the deposition does not produce or otherwise lead to admissible evidence, Plaintiff will suffer no harm beyond the waste of his and his lawyers' time.  By contrast, if the Court erroneously bars Defendants from deposing Plaintiff, then they may be denied access to relevant evidence. Accordingly, it is ORDERED that:

    1. Defendants' Motion to Compel (Doc. 60) is DENIED as premature.

    2. Plaintiff's Motion for a Protective Order (Doc. 63) is DENIED.

    3. Plaintiff shall appear for his deposition at a time and place agreeable to the parties.

**DONE AND ORDERED** in Orlando, Florida, on July 22, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel