UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAM DANG,

      Plaintiff,

v.                                  Case No:   6:14-cv-37-Orl-31TBS

SHERIFF OF SEMINOLE COUNTY,
FLORIDA, OLUGBENGA OGUNSANWO,
SANDRA WILT, BRENDA PRESTON-
MAYLE, ALECIA SCOTT, SHARYLE
ROBERTS and MARTHA DENSMORE,

      Defendants.

_____

## ORDER

    This matter comes before the Court on Plaintiff Nam Dang's Motion to Compel

Response to Request to Produce (Doc. 95), which is due to be **GRANTED in part** and

**DENIED in part**.

### Background[1]

    On November 18 or 19, 2014,[2] Plaintiff served a request for production of

documents on Defendant Donald F. Eslinger, sued here in his official capacity as Sheriff

of Seminole County.   (Doc. 95, p. 1; Doc. 96, p. 2).   On December 22, counsel for the

Sheriff emailed Plaintiff's counsel asking for additional time to respond.   (Id.).   On

December 29, Plaintiff's attorney rejected an open-ended extension of time.   (Id.).   Later

_____

[1] The facts of the underlying litigation are summarized in previous orders (see, e.g., Doc. 100), and the Court will not repeat them here.
[2] The parties differ by a day over the date the requests were served, but that disagreement is not material to resolution of this motion; either way, the Sheriff failed to produce documents in a timely manner.

that day, the Sheriff informed Plaintiff that the responses would be provided no later than January 9, 2015.   (Id.).

On December 31, the Sheriff served a response to the request.   (Doc. 95, p. 2; Doc. 95-1).   In the response, the Sheriff raised objections to Requests 2, 8, 10, 12, and 18.   (Doc. 95-1).   For most of the remaining requests, the Sheriff provided boilerplate responses along the lines of "The requested documents will be produced or made available for inspection and copying" (Requests 3-5, 7), "If any such recordings are extant, they will be produced" (Requests 13-15, 17), or "Search will be made for all emails dealing with Mr. Dang" (Requests 21-23).   (Id.).

On January 7, 2015, counsel conferred regarding the time frame for producing responsive documents and the Sheriff's objections.   (Doc. 95, p. 2).   After the Sheriff failed to produce responsive documents by the promised January 9 date, Plaintiff filed the instant motion on January 13, seeking an order compelling the production of the requested documents within five days.   (Id.).

Later that day, the Sheriff filed his response.   (Doc. 96).   The Sheriff did not seriously dispute the inadequacy of his production or the merits of the Plaintiff's motion. (See id., p. 2 (conceding that some of the Sheriff's responses were "technically" inadequate)).   Instead, the Sheriff suggested that the motion was premature.   (Id.). Counsel for the Sheriff explained that, while the request for production was received by email on November 19, it was not sent to the agency until December 3.   (Id.).   The Sheriff insisted that the response "was meaningful" and not "knee jerk" and was indicative of "cooperation" and "not obstruction."   (Id., p. 3).   The Sheriff added that acquiring the requested materials was "simply taking some time" and that production would "be taking place over the next several days."   (Id.).   The Sheriff insisted that an order compelling

production in five days was "not necessary or useful to the [discovery] process" and requested instead that the Court grant an extension of time for the Sheriff's production.[3] (Id., p. 4).

On January 15, the Court held a hearing on this and two other discovery motions. At the hearing, the Sheriff reiterated his position that production was ongoing and would be completed in the near future.   (Doc. 100, p. 2).   Plaintiff agreed to allow the Sheriff two additional weeks to complete the production.   (Id.).   Based on the parties' agreement, the Court entered an order carrying the motion until January 29.

On January 28, Plaintiff filed a status report stating that the Sheriff had not yet provided full production and requesting the Court enter an order compelling production. (Doc. 102).   The Sheriff filed a response to the status report on February 5, stating that production was "almost complete."   (Doc. 107).   After reviewing these filings, the Court entered an order instructing the parties to file status reports on February 10 if all issues raised in the motion to compel were not resolved by the close of business on February 9. (Doc. 108).   On February 10, the parties filed a joint status report indicating that production was not yet complete, but that Plaintiff agreed to give the Sheriff until 4:00 p.m. on February 16, 2015 to complete production.   (Doc. 109).

On February 16, the parties filed their final status reports.   The Sheriff states that all responsive documents have been produced except for Requests 12 and 24, to which the Sheriff objected.   (Doc. 111).   The Sheriff objects to Request 12, which seeks "all nurse sick call forms submitted" at the jail in 2011 and 2012, on the grounds that it is unduly burdensome (there are approximately 24,000 such forms).   (Id., p. 2).   The

---

[3] The Sheriff did not say how long he thought this extension should be.

objection to Request 12 is materially identical to the objection asserted in the Sheriff's original response.   The Sheriff also objects to Request 24, which seeks "all agendas, minutes, and reports generated for or provided to the Quality Assurance meetings for ... 2010 through 2013," asserting alternatively that the materials requested are privileged or that "maintaining confidentiality of the subject materials is critical to the continued integrity and purpose of the quality assurance process."   (Id., pp. 2-3).   Plaintiff's status report confirms that the Sheriff has objected to Requests 12 and 24 and that these objections "will be addressed separately."   (Doc. 112).   However, Plaintiff also raises concerns regarding the Sheriff's responses to Requests 3, 9, 11, 17, and 19.   (Id.).   Plaintiff complains further that the Sheriff has still not provided a formal amended response.   (Id., p. 3).   On February 18, over 90 days after Plaintiff served the production request and 49 days after the Sheriff served his original response to the request, the Sheriff served an amended response including the objections to requests 12 and 24.   (Doc. 113)

## Discussion

Rule 34(a)(1) allows parties to serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control."   Such requests "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection...; and (C) may specify the form or forms in which the electronically stored information is to be produced."   FED. R. CIV. P. 34(b)(1).

A party that receives a request for production of documents has 30 days to respond.   FED. R. CIV. P. 34(b)(2)(A).   For each request, the response must either state

that inspection ... will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).   Documents must be produced as they are kept in the ordinary course of business or must be "organize[d] and label[ed] to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

When a party "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34," the requesting party can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B)(iv).   "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

It is undisputed that the Sheriff original responses failed to comply with the requirements of Rule 34.   Although the language of Rule 34 suggests that a response stating that inspection "will be permitted as requested" is adequate, this presupposes that (1) the response complies with the other provisions of Rule 34 (for example, the usual-course-of-business requirement for production of documents and the format requirements for production of ESI), and (2) the inspection is in fact permitted or the documents are in fact produced as requested.   As the Middle District Discovery Handbook explains,

> "A party and counsel ordinarily have complied with the duty to respond to a document request if they have:
>
> (a) Responded to the requests within the time set by [Rule 34];
>
> (b) Objected with specificity to objectionable requests;
>
> (c) Produced the documents themselves (or copies), specifically identified those documents that are being or will be produced, or specified precisely where the documents can be found and when they can be reviewed;
>
> (d) Stated specifically that no responsive documents have been found; and

> > (e) Ensured a reasonable inquiry with those persons and a
> > reasonable search of those places likely to result in the
> > discovery of responsive documents.

<u>Middle District Discovery</u> 9–10 (2001), available at

https://www.flmd.uscourts.gov/forms/Civil/Discovery_Practice_Manual.pdf.   The Sheriff,

in his original response simply said that he would produce the requested documents in

the future, without producing the documents or specifying how, where, or when the

documents would be produced.   A "vague, open-ended response [that] merely 'state[s]

an intention to make some production at an unspecified date of [the responding party's]

own choosing[,] ... is not a complete answer as required by Rule 34(b), and therefore,

pursuant to Rule 37(a)(3) is treated as a failure to answer or respond.'"   <u>Silicon Knights,

Inc. v. Epic Games, Inc.</u>, 917 F. Supp. 2d 503, 533–34 (E.D.N.C. 2012) (quoting <u>Kinetic

Concepts, Inc. v. ConvaTec Inc.</u>, 268 F.R.D. 226, 247 (M.D.N.C. 2010)).

    As for specific document requests, the Court finds based on the parties' status

reports that the Sheriff has completed production of documents responsive to requests

numbered 1, 2, 4-8, 10, and 13-23.[4]   (<u>See</u> Docs. 111-13).   Accordingly, as to those

requests, Plaintiff's motion is **DENIED as moot**.   The Court will address the remaining

requests in turn.

<u>Request 3: "A complete copy of all agendas, minutes, and reports generated for or
provided to MAC for MAC meetings during calendar years 2010 through 2013."</u>

    Plaintiff's status report states that the Sheriff has provided the minutes but has not

produced documents attached to the minutes.   According to Plaintiff, the Sheriff's

---

[4] The parties disagree over what documents are responsive to Requests 10 and 17, but the Sheriff already produced the documents that Plaintiff thinks are responsive.   There is no reason to believe that the disagreement over which documents are responsive to which requests caused the Sheriff to fail to produce relevant documents, so the disagreements over these requests are merely academic.

attorney said on February 13 that counsel was reviewing the documents prior to

producing them, but as of February 18, Plaintiff had not received any further response.

(Doc. 112, pp. 1-2).   The Sheriff's amended response to the production request states

that these documents have been provided.   (Doc. 113, p. 2)   On the understanding that

the Sheriff has produced all responsive documents, including the attachments, the Court

**DENIES** Plaintiff's motion **as moot** as to this request.

Request 11: "A copy of any and all complaints and/or grievances received regarding
provision for or access to healthcare and John E. Polk Correctional Institute from January
1, 2011 through December 31, 2012."

        According to Plaintiff, Defendant has provided "some grievances from 2011" and

stated that they do not believe there are any grievances from 2012 "but are working to

confirm that."   As of February 18, Plaintiff had not received any further response.

(Doc. 112, p. 2).   Defendant's amended response to the production request states that

all inmate grievances have been provided, but adds that "[w]ith respect to formal legal

complaints, claims or lawsuits, that issue has been discussed with counsel."   On the

understanding that the Sheriff has produced all inmate grievances from 2011 and 2012,

the Court **DENIES** Plaintiff's motion **as moot** as to this request.

Request 12: "A copy of any and all nurse sick call forms submitted for the period of
January 1, 2011 through December 31, 2012."

         In his original response, the Sheriff objected to this request on the grounds that it

was unduly burdensome and unlikely to lead to the discovery of relevant information, and

he has since repeated this objection.   (Doc. 95-1, p. 4).   Plaintiff did not make any

argument regarding this objection in his motion, and as a result the parties have not

briefed the issue.   The Court concludes that the propriety of the Sheriff's objection is

beyond the scope of Plaintiff's motion, and infers from the absence of any request from

Plaintiff to overrule the objection or the Sheriff to issue a protective order that any disagreement regarding this request has been resolved.   To the extent Plaintiff's motion included an unstated request that the Court overrule the Sheriff's objections to Request 12, the request is **DENIED**, since the objection is reasonable on its fact and Plaintiff has offered no reason to overrule it.

Request 24: "A complete copy of all agendas, minutes and reports generated for or provided to the Quality Assurance meetings for calendar years 2010 through 2012."

In his initial response to this request the Sheriff said that "the requested documents will be produced."   (Doc. 95-1, p. 7).   Now, however, the Sheriff has raised an objection to the request, asserting (1) that the materials "are either privileged by virtue of Florida statutory and common law; or by federal statute or federal case law"; and (2) that keeping the materials confidential "is critical to the continued integrity and purpose of the quality assurance process."   (Doc. 111, pp. 2-3; Doc. 113, pp. 9-10).   The Sheriff waived these objections when he failed to assert them in his initial response.   The Court overrules all of the Sheriff's out-of-time objections, **GRANTS** the motion as to this request, and **ORDERS** the Sheriff to produce all responsive documents by the close of business on Tuesday, February 24, 2015.   If the Sheriff requests measures be taken to protect the interests of nonparties (e.g., the privacy interests of other prisoners), the Court anticipates that Plaintiff will be reasonable in accommodating those interests; however, Plaintiff need not agree to measures that will further delay the Sheriff's already late production.

When a court grants a motion to compel, or the requested discovery is provided after the motion is filed, the requesting party is entitled to its costs, including reasonable attorney's fees, unless (i) the requesting party failed to make a good faith attempt to obtain the discovery without a court order; (ii) the responding party's position was

substantially justified; or (iii) other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A).   If a motion to compel is denied, the party opposing the motion is entitled to recover its expenses, unless the motion was substantially justified or other circumstances make an award of expenses unjust.   FED. R. CIV. P. 37(a)(5)(B).   If a motion is granted in part and denied in part, the court may make a reasonable apportionment of expenses for the motion.   FED. R. CIV. P. 37(a)(5)(C).

The Court has mostly denied Plaintiff's motion as moot, due to Defendant's subsequent production of the documents.   In addition, the Court has overruled the Sheriff's untimely objections to Request 24, which were made after the Sheriff promised to produce responsive documents.   The only request for which the Court has not granted Plaintiff relief or denied as moot is Request 12, an objection that Plaintiff has spent no time or effort (and, importantly, incurred no fees or expenses) disputing before the Court. The Sheriff offered no substantial justification for his lethargic production, and no other circumstances make an award of expenses unjust.   Finally, while some attorneys might not have filed the motion to compel as soon as Plaintiff's did, there is no basis for finding that counsel failed to confer in good faith in attempt to obtain the requested documents before filing the motion.   Rule 37(a)(1) and Local Rule 3.01(g) require counsel to make a good faith effort–not a heroic one–to resolve a discovery dispute before filing a motion. Accordingly, the Court finds that the Sheriff should bear the expenses of litigating the motion.

Plaintiff's Motion to Compel is **GRANTED** in part and **DENIED** in part as set forth above.   The Sheriff is **ORDERED** to produce documents responsive to Request 24 by the close of business on Tuesday, February 24, 2015.   Within 14 days of this order, the parties shall agree upon the amount of attorney's fees and costs to award Plaintiff, or

Plaintiff shall file a motion for fees and costs with the Court, following which the Sheriff shall have 14 days to respond.[5]

      **DONE** and **ORDERED** in Orlando, Florida on February 19, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[5] Should he prevail in this case, Plaintiff should omit fees incurred in litigating this motion from any petition for attorney's fees under 42 U.S.C. § 1988.