UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAM DANG,

    Plaintiff,

v.                                             Case No: 6:14-cv-37-Orl-31TBS

SHERIFF OF SEMINOLE COUNTY,
FLORIDA, OLUGBENGA OGUNSANWO,
SANDRA WILT, BRENDA PRESTON-
MAYLE, ALECIA SCOTT, SHARYLE
ROBERTS and MARTHA DENSMORE,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Substitute Representative for Nam Dang (Doc. 119). The motion, which was filed on April 10, 2015, requests that Plaintiff's father, Cuong Dang, be substituted for Plaintiff's sister, Vina Dang, as Plaintiff's representative in this action (Id.). Plaintiff explains that "Vina Dang has moved out of state, and while she is still actively involved in representing her brother's interest, Cuong Dang lives locally in Seminole County and they have decided it is in Nam Dang's best interest to allow Cuong Dang to be substituted in as Nam's representative in this action in accordance with the authority granted in the applicable Power of Attorney." (Id.).

Just four days after the motion was filed, Defendants Alecia Scott, Sharyle Roberts, and Martha Densmore filed a response in opposition (Doc. 120). They assert that Vina Dang moved from Orlando to Pennsylvania at some time between August and December 2014 and that the motion is merely an attempt by Vina Dang to avoid having to travel to Orlando for mediation in this case, which is scheduled for April 20 (Id. at 1-4).

The other Defendants have not yet responded, and under the Local Rules are not required to do so until April 27.

As authority for the requested substitution, Plaintiff cites Rule 25 of the Federal Rules of Civil Procedure. Rule 25 allows for substitution of parties in four circumstances: (a) when "a party dies"; (b) when "a party becomes incompetent"; (c) when "an interest is transferred"; or (d) when "a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." The substitution requested here–replacing one person with another as a representative of a minor or incompetent person–does not fall into any of these categories. Burns v. Phillips, 50 F.R.D. 187, 188 (N.D. Ga. 1970). Rather, the substitution must be accomplished by way of an amendment of the pleadings. Id. The Case Management and Scheduling Order ("CMSO") set a deadline of July 1, 2014 to add or amend pleadings (Doc. 49). Because that deadline has passed, the substitution is governed by Rule 16(b)(4), which permits modification of a scheduling order "only for good cause and with the judge's consent." Morrison Enterprises, LLC v. Dravo Corp., 638 F.3d 594, 610 (8th Cir. 2011).

The good cause standard under Rule 16 focuses primarily on the diligence of the party seeking modification of the scheduling order. The Eleventh Circuit has held that the "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). Even when a reasonably diligent party would not have met a scheduling order deadline, the good cause standard requires a party to promptly move to amend the scheduling order once the need for modification becomes apparent. See Bowers v. American Heart Association, Inc., 513 F. Supp. 2d 1364, 1368 (N.D. Ga. 2007) (citing Sosa, 133 F.3d at 1419).

The CMSO entered on March 27, 2014 put Vina Dang on notice that she is required to attend mediation in this case in Orlando on April 20, 2015.   By the end of 2014, Vina Dang had moved to Pennsylvania.   If her new residence prevented her from performing her duties as Plaintiff's representative, she should have requested the substitution then, not four months later and 10 days before the mediation.   If Vina Dang had forgotten about the scheduled mediation when she moved to Pennsylvania, surely she was reminded when, in February 2015, her attorneys began fielding requests from Defendants to be excused from personally appearing at the mediation–requests which Plaintiff opposed.   Plaintiff's unexplained–and inexplicable–delay indicates a lack of diligence, which weighs strongly against a finding of good cause.   It also suggests that her new residence in Pennsylvania will not impede her performance of her duties as Plaintiff's representative in this case.   For these reasons, the Court does not find good cause and the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record