UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAM DANG,

    Plaintiff,

v.     Case No: 6:14-cv-37-Orl-31TBS

SHERIFF OF SEMINOLE COUNTY, FLORIDA; OLUGBENGA OGUNSANWO; SANDRA WILT; BRENDA PRESTON-MAYLE; ALECIA SCOTT; SHARYLE ROBERTS; and MARTHA DENSMORE,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court without a hearing on Plaintiff's Response in Opposition to Defendants, Scott, Roberts, and Densmore's Bill of Costs (Doc. 188) and Plaintiff's Response in Opposition to Defendants, Wilt, Preston-Mayle, Sheriff of Seminole County and Ogunsanwo's Bill of Costs (192), which the Court construes as motions to review Defendants' bills of costs. Defendants have filed replies in support of their bills of costs (Docs. 195, 196, 197). For the reasons that follow, I respectfully recommend that Plaintiff's motions be **GRANTED in part** and **DENIED in part**.

### I. Background

Plaintiff Nam Dang filed this action on March 24, 2014 under 42 U.S.C. § 1983, alleging that he was unconstitutionally denied medical care as a pretrial detainee in the John E. Polk Correctional Facility. Plaintiff alleged that he suffered from cryptococcal meningitis, and that as a result of Defendants' failure to provide adequate medical care, he suffered brain infarctions which resulted in brain damage and severe problems with his

communication and cognitive abilities (Doc. 47).   On August 25, 2015, the Court granted Defendants' motions for summary judgment (Doc. 184).   Final judgment was entered the following day (Doc. 185), and Defendants timely submitted their bills of costs (Docs. 187, 190, 191).   Defendants Alecia Scott, LPN, Sharyle Roberts, LPN, and Martha Densmore, RN, seek $7,742.54 consisting of $7,357.72 for transcripts and $384.82 for copies that were necessarily obtained for use in the case (Doc. 187).   Defendants the Sheriff, Wilt, and Preston-Mayle seek $13,508.27 in costs, consisting of $752 for fees for service of summonses and subpoenas, $10,401.67 for transcripts, $108.29 for witness fees, and $2,246.31 for copies necessarily obtained for use in the case (Doc. 190).   Defendant Olugbenga Ogunsanwo, M.D., seeks $2,009.66 in costs, consisting of $1,879.50 for transcripts and $130.16 for copies that were necessarily obtained for use in the case (Doc. 191).   Plaintiff objects to any award of costs to these Defendants.

## II. Standard

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."   FED. R. CIV. P. 54(d)(1).   The rule "creates a presumption in favor of awarding costs to the prevailing party which [the losing party] must overcome."   Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).   See also Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000) ("That provision establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise.").   "[D]enial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation."   Chapman, 229 F.3d at 1039 (internal quotations omitted).   "To defeat the presumption and deny full costs, a district court must have and state a sound basis for

doing so." Id. Courts in this district have found "'the losing party must demonstrate that there is some fault, misconduct, default or action worthy of penalty on the part of the prevailing party.'" Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co., No. 6:08-CV-2165-Orl-28GJK, 2011 WL 5358548, at *3 (M.D. Fla. Oct. 17, 2011) report and recommendation adopted, 2011 WL 5358668 (M.D. Fla. Nov. 7, 2011) (quoting Perez v. Sanford-Orlando Kennel Club, Inc., No. 6:05-cv-269-Orl-28JGG, 2007 WL 842771, at *6 (M.D. Fla. Mar. 20, 2007)).

By statute, district courts may tax the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### III. Discussion

Defendants collectively seek $23,260.47 in costs which they represent, were necessarily incurred in the action and that the services for which fees have been charged were actually and necessarily performed. Defendants have provided copies of the bills for the costs incurred. Plaintiff has not disputed any of the itemized costs and does not argue that any particular items are not property taxable. Instead, Plaintiff argues that Defendants should not be awarded costs because although Defendants prevailed on his

- 3 -

federal civil rights claim asserted under 42 U.S.C. § 1983, Plaintiff's state law claims based on the Sheriff's treatment of him remain pending in state court (Doc. 188, p. 2). It is unclear why the existence of an action in state court against the Sheriff, see Dang v. Eslinger, No. 2014-CA-02186 (Eighteenth Judicial Circuit, Seminole County, Florida), would preclude an award of costs to the remaining Defendants. Defendants were granted summary judgment on all of Plaintiff's claims asserted in this action and thus, are prevailing parties for purposes of Rule 54(d). See Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995). As prevailing parties, Defendants "are entitled to their costs unless the [Court] has some special reason to deny the costs." Id. Plaintiff has not cited any authority for his argument that the existence of an action in state court involving similar parties and facts should preclude an award of costs under Rule 54(d) to a prevailing party in federal court.

Plaintiff next argues that Defendants should not be awarded costs because he is "severely disabled and has limited financial means as a result thereof." (Doc. 192, p. 3). Plaintiff cites to his father's deposition and represents that he "receives nominal income (less than $500/month) through SSI and his father has moved back to Florida to provide 24-hour care and assistance to" Plaintiff (Id.). He alleges that "[i]mposing thousands of dollars of costs on him would lead to a harsh result and create an overwhelming burden on him that he simply cannot meet." (Id.). "[W]hen awarding costs a district court should not consider the relative wealth of the parties." Chapman, 229 F.3d at 1039. Still, the Court may consider Plaintiff's financial status as a factor in awarding costs pursuant to Rule 54(d), but "it should require substantial documentation of a true inability to pay." Id. "Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded,

a court may not decline to award any costs at all." Id. (citing Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 917 (11th Cir. 1982)).   Although Plaintiff alleges that he has only minimal financial resources, he has not provided evidence that he is indigent, he did not seek to proceed *in forma pauperis* in this case, and he has not produced "substantial documentation of a true inability to pay."   See Chapman, 229 F.3d at 1039.   Consequently, the Court should not consider Plaintiff's financial status as a factor in awarding costs.

Plaintiff argues that the true consequences of taxing costs against him will be to further sanction and punish him.   Awarding costs to a prevailing party is not a "sanction." To the contrary, the "denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation."   Chapman, 229 F.3d at 1039. There is no indication that Defendants' conduct in this action was improper.

Plaintiff argues that if costs are taxed against him, the likely effect will be to chill the exercise of their rights by future civil rights litigants, particularly pretrial detainees (Doc. 188, pp. 2-3; Doc. 192, pp. 2-3).   But, Plaintiff has failed to show why this assertion should overcome the traditional presumption that a prevailing party is entitled to costs. Cf. Collins v. Okefenoke Rural Elec. Membership Corp., No. CV 213-052, 2015 WL 1084905, at *2 (S.D. Ga. Mar. 9, 2015) ("Plaintiffs also have failed to show why the potential danger of chilling future age discrimination claims–standing alone as a mere assertion–should overcome the traditional presumption that a district court will award costs to a prevailing party."); Simmons v. McLean Trucking Co., 100 F.R.D. 61, 62 (N.D. Ga. 1983) ("It may be true that 'special costs,' such as attorney's fees, should be awarded sparingly in cases where a plaintiff with a non-frivolous claim ultimately fails to succeed on the merits, or where the losing party is indigent, but these reasons are not sufficient to

compel a decision contrary to the standard rule in this case–costs to the prevailing party. Certainly this court does not want to discourage the bringing of meritorious civil rights law suits, however, the court does not believe that the award of costs made in a case such as this will have that 'chilling' effect.") (citations and footnote omitted).

The Court has reviewed Defendants' bills of costs and the supporting documentation and finds that the costs are taxable to Plaintiff, with the exception of the costs incurred for digital and condensed copies of deposition transcripts, word indexes, and copies or scans of exhibits.  It appears that these costs were incurred for the convenience of counsel, and Defendants have not explained why it was necessary to incur these costs for use in the case.  These costs are therefore not reimbursable under § 1920.  Ferguson v. Bombardier Servs. Corp., No. 8:03-CV-539-T-31DAB, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007) ("[I]mbedded in the deposition transcript fees are fees for converting the videos to digital, expedited or condensed transcripts, and copies, all of which are not reimbursable under § 1920."); Cadle v. Geico Gen. Ins. Co., No. 6:13-CV-1591-ORL-31GJK, 2015 WL 4352048, at *6 (M.D. Fla. July 14, 2015) ("[T]he costs for digital and condensed deposition transcripts, summaries, and shipping of the transcripts are not recoverable."); Nelson v. N. Broward Med. Ctr., No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014) ("Finally, while the costs associated with transcripts may be recoverable, costs incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel."); Lehman Bros. Holdings, Inc. v. Hirota, No. 8:06-CV-2030-T-24MSS, 2010 WL 3043653, at *4 (M.D. Fla. July 30, 2010) ("Many of the charges Lehman Brothers is seeking to recover are not taxable, such as costs for shipping and

handling, CD transcripts, and binding of exhibits."). Accordingly, I recommend these expenses, totaling $343.80[1] for Defendants Scott, Roberts, and Densmore (Doc. 187, pp. 10, 12, 14, 16, 23, 25, 27, 29), $77[2] for Defendant Ogunsanwo (Doc. 191-1, pp. 1, 7), and $1,280.40[3] for Defendants the Sheriff, Wilt, and Preston-Mayle (Doc. 190-1, pp. 18, 21-24, 27-28) be disallowed.

## IV. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** the following:

(1) That Plaintiff's Response in Opposition to Defendants, Scott, Roberts, and Densmore's Bill of Costs (Doc. 188) and Plaintiff's Response in Opposition to Defendants, Wilt, Preston-Mayle, Sheriff of Seminole County and Ogunsanwo's Bill of Costs (192), which the Court construes as motions to review Defendants' bills of costs, be **GRANTED in part** and **DENIED in part**;

(2) That $343.80 of Defendants Scott, Roberts, and Densmore's bill of costs be disallowed and that these Defendants be awarded taxable costs in the amount of $7,398.74;[4]

(3) That the Clerk be **DIRECTED** to enter a cost judgment in favor of Defendants Scott, Roberts, and Densmore and against Plaintiff in the amount of $7,398.74;

---

[1] $25.65 + $9 + $18.90 + $0.90 + $2.85 + $28.50 + $16 + $45 + $35 + $2.50 + $34 + $16 + $105 + $4.50 = $343.80

[2] $28.50 + $20 + 28.50 = $77

[3] $82 + $33 + $251 + $207 + $28.50 + $40 + $117.50 + $21 + $18.90 + $29 + $75 + $1 + $4.50 + $2.85 + $0.90 + $11 + $31 + $2.50 + $2.25 + $28.50 + $16 + $45 + $35 + $2.50 + $34 + $16 + $105 + $35 + $4.5 = $1,280.40

[4] $7,742.54 - $343.80 = $7,398.74

(4) That $77 of Defendant Ogunsanwo's bill of costs be disallowed and the Defendant Ogunsanwo be awarded taxable costs in the amount of $1,932.66;[5]

(5) That the Clerk be **DIRECTED** to enter a cost judgment in favor of Defendant Ogunsanwo and against Plaintiff in the amount of $1,932.66;

(6) That $1,280.40 of Defendants the Sheriff, Wilt, and Preston-Mayle's bill of costs be disallowed and that these Defendants be awarded taxable costs in the amount of $12,227.87;[6] and

(7) That the Clerk be **DIRECTED** to enter a cost judgment in favor of Defendants the Sheriff, Wilt, and Preston-Mayle and against Plaintiff in the amount of $12,227.87.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 15, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record

---

[5] $2,009.66 - $77 = $1,932.66

[6] $13,508.27 - $1,280.40 = $12,227.87